# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY RICHARDO TURNER,<br><br>    Plaintiff,<br><br>    v.<br><br>F. P. FIELDS, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:12-cv-00175-SKO PC<br><br>ORDER DENYING PLAINTIFF'S MOTIONS<br>FOR PRELIMINARY INJUNCTIVE RELIEF<br><br>(Docs. 7, 9, 13, and 14) |

   Plaintiff Anthony Richardo Turner, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 7, 2012. Pending before the Court are Plaintiff's motions for preliminary injunctive relief, filed on February 21, 2012, February 28, 2012, March 29, 2012, and April 17, 2012.

   Plaintiff's motions, to the extent they are coherent, largely reiterate the allegations set forth in Plaintiff's complaint: Plaintiff is being held past his "amnesty" parole date and his safety is in danger at the hands of prison officials at California State Prison-Corcoran. Plaintiff alleges that there is a conspiracy to murder him and he is being falsely imprisoned at Corcoran.

   "[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy," City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983) (citations omitted), and for each form of relief sought in federal court, Plaintiff must establish standing, Summers v. Earth Island Institute, 555 U.S. 488, 493, 129 S.Ct. 1142, 1149 (2009) (citation omitted); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010) (citation omitted). This requires Plaintiff to show

1  that he is under threat of suffering an injury in fact that is concrete and particularized; the threat must
2  be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged
3  conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or
4  redress the injury.  Summers, 555 U.S. at 493 (quotation marks and citation omitted); Mayfield, 599
5  F.3d at 969.
6  　　　　In addition, any award of equitable relief is governed by the Prison Litigation Reform Act,
7  which provides in relevant part, "Prospective relief in any civil action with respect to prison
8  conditions shall extend no further than necessary to correct the violation of the Federal right of a
9  particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless
10 the court finds that such relief is narrowly drawn, extends no further than necessary to correct the
11 violation of the Federal right, and is the least intrusive means necessary to correct the violation of
12 the Federal right." 18 U.S.C. § 3626(a)(1)(A).
13 　　　　In this action, as set forth in detail in the screening order, there is an actual case or
14 controversy arising out of a past incident of excessive force at Corcoran, which allegedly occurred
15 on January 10, 2012.  Plaintiff's claims challenging his incarceration are barred and have been
16 dismissed from this action, and Plaintiff's other conditions-of-confinement claims are not
17 cognizable.
18 　　　　As a result, while Plaintiff has standing to seek damages for the past violation of his rights
19 vis-a-vis the use of excessive force on January 10, 2012, he does not have standing to seek any other
20 form of relief and the Court is without jurisdiction to intervene in Plaintiff's current conditions of
21 confinement.  18 U.S.C. § 3626(a)(1)(A); Summers, 555 U.S. at 493; Mayfield, 599 F.3d at 969.
22 To the extent that Plaintiff believes he is in imminent danger, he has other avenues of relief available
23 to him, including filing a petition for writ of habeas corpus in state court.  E.g., In re Estevez, 83
24 Cal.Rptr.3d 479, 491 (Cal. Ct. App. 2008).  However, the pendency of this action does not entitle
25 Plaintiff to the relief he seeks.
26 ///
27 ///
28 ///

Accordingly, Plaintiff's motions for preliminary injunctive relief are HEREBY DENIED for lack of jurisdiction.

IT IS SO ORDERED.

**Dated:**    **June 5, 2012**                                  /s/ Sheila K. Oberto
UNITED STATES MAGISTRATE JUDGE