# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY RICHARDO TURNER,<br><br>           Plaintiff,<br><br>   v.<br><br>F. P. FIELDS, et al.,<br><br>           Defendants. | CASE NO. 1:12-cv-00175-SKO PC<br><br>ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE<br><br>(Doc. 16) |

Plaintiff Anthony Richardo Turner, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 7, 2012. On June 5, 2012, the Court dismissed Plaintiff's complaint and ordered Plaintiff to file an amended complaint within thirty days. 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e). Plaintiff was warned that if he failed to filed an amended complaint, this action would be dismissed, without prejudice, for failure to obey a court order. More than thirty days have passed, and Plaintiff has not complied with or otherwise responded to the order.[1]

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. <u>Bautista v. Los Angeles County</u>, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to

---

[1] The Court's order was returned with the notation that Plaintiff refused it. In an abundance of caution, the Court re-served the order, but it was again returned as refused. In as much as the order was twice served on Plaintiff at his address of record, service is deemed effective. Local Rule 182(f).

1 manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring
2 disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re
3 Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006)
4 (internal quotations and citations omitted).  These factors guide a court in deciding what to do, and
5 are not conditions that must be met in order for a court to take action.  Id. (citation omitted).

6       Based on Plaintiff's failure to comply with or otherwise respond to the Court's order, the
7 Court is left with no alternative but to dismiss the action for failure to prosecute.  Id.  This action can
8 proceed no further without Plaintiff's cooperation and compliance with the order at issue, and the
9 action cannot simply remain idle on the Court's docket, unprosecuted.  Id.  Accordingly, this action
10 is HEREBY DISMISSED, without prejudice, for failure to obey a court order and failure to
11 prosecute.

13 IT IS SO ORDERED.
14 **Dated:   July 26, 2012**                    /s/ Sheila K. Oberto
                                      UNITED STATES MAGISTRATE JUDGE